IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
GENERAL CIVIL DIVISION

**JENNA PEDERSEN** and
**BRETT PEDERSEN,**

    **Plaintiffs,**

v.

**LEXINGTON INSURANCE COMPANY,**

    **Defendant.**

                                                    /

CASE NO: **22-CA-4178**

DIVISION: **D**

## SUMMONS

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

    YOU ARE COMMANDED to serve this Summons, a copy of the Complaint or Petition in this action on Defendant:

**Lexington Insurance Company
c/o Florida Chief Financial Officer as RA
200 East Gaines Street
Tallahassee, FL 32399-4201**

    Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiffs' attorney, whose name and address is **Matthew K. Mullinax, Esquire, of MAKRIS & MULLINAX, P.A., 908 W. Horatio Street, Tampa, Florida 33606** within twenty (20) days after service of this Summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED   05/19/2022  , 2022.

                                                               CINDY STUART
                                                               **Clerk of the Court**



                                        By: _____VPhillips_____
                                                As Deputy Clerk

## **IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## **IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## **IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte cijointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
GENERAL CIVIL DIVISION

**JENNA PEDERSEN** and
**BRETT PEDERSEN,**                                              CASE NO:

                                                                 DIVISION:

    **Plaintiffs,**

v.

**LEXINGTON INSURANCE COMPANY,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiffs, **JENNA PEDERSEN and BRETT PEDERSEN**, (hereinafter referred to as "Plaintiffs"), by and through the undersigned counsel, and hereby sue Defendant, **LEXINGTON INSURANCE COMPANY**, (hereinafter referred to as "Defendant"), and as grounds therefore state as follows:

## JURISDICTION AND VENUE

1. This is an action for damages in excess of thirty thousand dollars ($30,000), exclusive of pre-judgment interest, attorneys' fees, and costs.

2. At all times material hereto, Plaintiffs, owned real property located at **18412 Keystone Manor, Odessa, Florida 33556** (the "Property").

3. At all times material hereto, Defendant was a corporation duly licensed to conduct business in the State of Florida and is engaged in the business of insurance in **HILLSBOROUGH COUNTY**.

4. Jurisdiction and venue are proper in this Court.

**GENERAL ALLEGATIONS**

5. At all times material, Plaintiff's Property was covered for loss by Policy No. **12076923** (the "Policy") issued by Defendant. Plaintiffs are not currently in possession of a certified copy of the Policy. Plaintiffs expect to obtain a certified copy of the Policy through Defendant's compliance with Plaintiffs' forthcoming discovery requests, and Plaintiffs will file a certified copy with the Court upon receipt.

6. Plaintiffs have paid all premiums on the Policy, and the Policy was in full force and in effect at all relevant times herein.

7. On or about **JULY 31, 2020**, Plaintiffs suffered damages to their Property.

8. The damage to the Property was caused by a covered peril under the Policy.

9. The damage to Plaintiffs' Property is accidental, continuing in nature, and covered under the Policy.

10. Plaintiffs duly made application for insurance benefits under the Policy.

11. Defendant accepted coverage for the loss; however, Defendant has failed to pay the full benefits to which the Plaintiffs are entitled for the loss.

12. On or about March 1, 2022, Plaintiffs invoked appraisal under the Policy to resolve the damages dispute. Defendant has failed and refused to participate in appraisal of this loss.

13. All conditions precedent to obtaining payment of said benefits under the Policy from Defendant have been complied with, met or waived.

14. As a result of Defendant's refusal to pay the losses sustained by Plaintiffs, Plaintiffs have retained the services of the undersigned attorney and is obligated to pay a

reasonable fee for services thereof. Plaintiffs are entitled to attorneys' fees in this action pursuant to Fla. Stat. § 627.428 and/or Fla. Stat. § 626.9373.

## COUNT I
### (Breach of Contract)

15. Plaintiffs hereby incorporate by reference paragraphs 1 through 14, as though fully set forth herein.

16. Plaintiffs and Defendant are parties to a valid and binding contract under which Defendant is required to provide insurance benefits to Plaintiffs in the event of a covered loss to Plaintiffs' Property.

17. Plaintiffs have suffered a covered loss to the Property.

18. Plaintiffs have invoked and demanded appraisal under the Policy.

19. Defendant has breached the Policy by failing to participate in appraisal of the loss and by failing to pay Plaintiffs the benefits due and owing under the Policy.

20. Plaintiffs have been damaged by Defendant's breach of contract.

21. Plaintiffs are entitled to damages, including the full cost of remediation and repair of the Property.

22. Plaintiffs are entitled to compensation for the loss to their Property. Plaintiffs seek the following damages: (a) the full cost for remediation and repair of the Property; (b) damages including court costs, attorneys' fees under Fla. Stat. § 627.428 and/or Fla. Stat. § 626.9373, expert fees and costs and pre-judgment interest; and (c) additional policy benefits for loss of rental value, debris removal, and any other benefit available under the Policy.

23. Plaintiffs demand a trial by jury on all issues in Count I.

WHEREFORE, Plaintiffs, **JENNA PEDERSEN and BRETT PEDERSEN** demand judgment against Defendant/Insurer, **LEXINGTON INSURANCE COMPANY** for:

    A.    All damages to which Plaintiffs are entitled, including all benefits available under the Policy of insurance;

    B.    Pre-judgment interest;

    C.    Court costs, expert fees, and attorneys' fees pursuant to Fla. Stat. §§ 57.041, 92.231, 627.428, and 626.9373; and

    D.    Any such other and further relief that this Court deems just and reasonable.

## COUNT II
### (Declaratory Judgment)

24.    Plaintiffs re-allege and incorporate paragraphs 1 through 14 as if fully set forth herein.

25.    This is an action for declaratory judgment filed pursuant to Chapter 86 of the Florida Statutes.

26.    This action for declaratory judgment has been filed for the purpose of determining an actual controversy between Plaintiffs and Defendant.

27.    It is Plaintiffs' position that they have suffered a covered loss to the Property under the Policy, and that Plaintiffs and Defendant disagree as to the amount of the loss. As such, Plaintiffs have the right under the Policy to demand appraisal.

28.    Defendant has denied that Plaintiffs have the right to demand appraisal and/or refused to submit to appraisal as required by the Policy.

29.    Plaintiffs seek a determination as to whether they have the right under the Policy to demand appraisal.

30.    As a result of the facts set forth above, a dispute has arisen which has left the

parties uncertain with respect to their rights, status, or other equitable or legal responsibilities, including but not limited to Plaintiffs' right to demand appraisal pursuant to the terms of the Policy.

31. There exists a *bona fide*, actual, present, and practicable need for the determination of the above dispute.

32. Furthermore, there exists a present, ascertained, or ascertainable state of facts concerning the rights and obligations of both parties. The rights and obligations of both parties under the Policy and Florida Law are dependent upon the facts or law applicable to the facts effecting coverage and payment under the Policy.

33. Plaintiffs have an actual adverse interest to Defendant's interest which is properly before the Court.

34. The Court's declaration is not merely for giving legal advice but rather, is needed to determine rights, duties, and obligations which have occurred and which will occur in the future.

35. Given the foregoing, Plaintiffs have been forced to retain the services of the undersigned attorney and is obligated to pay a reasonable fee for their services. Plaintiffs are entitled to attorneys' fees in this action pursuant to Florida Statute § 627.428.

WHEREFORE, Plaintiffs, **JENNA PEDERSEN and BRETT PEDERSEN**, pray for a declaratory judgment against Defendant, **LEXINGTON INSURANCE COMPANY**, that Plaintiffs have the right to demand appraisal; that Defendant must name an appraiser and participate in appraisal; that Plaintiffs are entitled to an award of attorneys' fees pursuant to

Section 627.428 and/or 626.9373, Florida Statutes and costs, together with such additional and further relief that the Court determines to be just and proper.

By:    /s/ *Matthew K. Mullinax*

**Makris & Mullinax, P.A.**
Matthew K. Mullinax, Esquire
FBN: 86181
matt@makrismullinax.com
Dean Makris, Esquire
FBN: 111630
dean@makrismullinax.com
908 W. Horatio Street
Tampa, FL 33606
Telephone: 813.485.7700
Attorney for Plaintiffs