UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNA PEDERSEN and
BRETT PEDERSEN,

      Plaintiffs,

v.                                Case No: 8:22-cv-01505-TPB-SPF

LEXINGTON INSURANCE
COMPANY,

      Defendant.

_____

## PLAINTIFFS' MOTION TO ABATE LITIGATION AND COMPEL APPRAISAL AND INCORPORATED MEMORANDUM OF LAW

**COME NOW** the Plaintiffs, **JENNA PEDERSEN and BRETT PEDERSEN** (hereinafter "Plaintiffs"), by and through the undersigned counsel, hereby file this Motion To Abate Litigation and Compel Appraisal, and as grounds therefore state as follows:

### I.    OVERVIEW

Defendant, **LEXINGTON INSURANCE COMPANY** (hereinafter referred to as "**LEXINGTON**") sold Plaintiffs a policy of homeowner's insurance which contained an alternative dispute resolution method of "Appraisal" to resolve disputes about the cost of repair. While the Policy was in effect, Plaintiffs suffered a covered loss, and a dispute arose between Plaintiffs and **LEXINGTON** over the cost of repair. Plaintiffs requested Appraisal

Page **1** of **6**

pursuant to the policy, but **LEXINGTON** refused to participate in Appraisal. Plaintiffs now seek an Order abating the litigation and compelling Appraisal pursuant to the policy of insurance.

II. **BACKGROUND AND FACTUAL OVERVIEW**

1. **LEXINGTON** sold a policy of homeowner's insurance (hereinafter referred to as "Policy") to Plaintiffs in exchange for a premium.

2. The Policy provided that LEXINGTON would pay for the cost to repair, in the event of a covered loss or damage to Plaintiffs' home.

3. The Policy also contained an alternative dispute resolution mechanism titled "Appraisal" which either party could invoke, and which would resolve any disputes about the cost to repair.

4. The applicable policy provision for "Appraisal" reads as follows:

> **E. Appraisal**
> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.
>
> Each party will:
>
> **1.** Pay its own appraiser; and

**2.** Bear the other expenses of the appraisal and umpire equally.

*See* Document 15, filed on July 15, 2022, Policy number 12076923-04, Endorsement HO 00 03 10 00, page 14 of 22.

5. On or about July 31, 2020, Plaintiffs suffered a loss to their home, and promptly reported the loss to **LEXINGTON**.

6. On January 3, 2022, **LEXINGTON** accepted coverage under the Policy for Plaintiffs loss and damage.

7. **LEXINGTON** issued payment for the claim in the amount of $208,247.34, after applicable of the Policy Deductible and depreciation.

8. Plaintiffs disputed the cost of repair and had previously provided **LEXINGTON** with a Sworn Proof of Loss seeking $452,438.66, along with supporting estimate.

9. On March 1, 2022, Plaintiffs invoked Appraisal to resolve the dispute due to **LEXINGTON's** refusal to issue further payment.

10. Despite Appraisal being mandatory if requested by either party, **LEXINGTON** refused to participate in Appraisal, which resulted in the instant lawsuit being filed.

11. Had **LEXINGTON** complied with Plaintiffs' Appraisal request prior to litigation, this action would not have been necessary or possible, since the amount of loss would have been set by the Appraisal panel.

12. Accordingly, in the event the Appraisal results in additional claim

payments to Plaintiffs, Plaintiffs seek their attorney's fees and taxable costs, pursuant to Florida Statutes §§ 627.428, 626,9373, and 57.041.

13. In conclusion, Plaintiffs respectfully move this Honorable Court for an Order abating the instant lawsuit and compelling the parties to Appraisal to resolve the dispute regarding the proper cost of repair. Upon conclusion of Appraisal and entry of an Appraisal Award, either party may then move to lift the abatement, so that any remaining issues can be resolved, and the case concluded.

### III. <u>**MEMORANDUM OF LAW**</u>

When the language of a policy of insurance is unambiguous and plain, the policy of insurance must be enforced as written. *See Three Palms Pointe, Inc. v. State Farm Fire and Casualty Company*, 250 F.Supp.2d 1357, 1363 (11th Cir. 2004).

Here, the plain language of the Plaintiffs' Policy provides that when a dispute arises on a covered claim, either party may invoke Appraisal, at which point both parties must attend Appraisal to resolve the dispute.

In Florida, the general preference is to resolve conflicts through any extrajudicial means. *See State Farm Fire & Casualty Company v. Middleton*, 648 So.2d 1200 (Fla. 3d DCA 1995). "Appraisal clauses are preferred, as they provide a mechanism for prompt resolution of claims and discourage the filing of needless lawsuits." *Fla. Ins. Guar. Ass'n, Inc. v. Olympus Ass'n, Inc.*, 34

So.3d 791, 794 (Fla. 4th DCA 2010). "[C]ausation and the 'amount of loss'" are issues to be determined by an appraisal where the insurer has not "'wholly denied' there is a covered loss." *People's Trust Ins. Co. v. Tracey*, 43 Fla. L. Weekly D1684 (Fla. 4th DCA July 25, 2018). When an insurer extends coverage for a loss but the parties disagree as to the amount of the loss, appraisal may determine the amount of the loss. *Gonzalez v. State Farm Fire and Casualty Company,* 805 So.2d 814 (Fla. 3d DCA 2000). In *Gonzalez,* the court compelled appraisal when a party invoked appraisal to determine the amount of a covered loss. *Id.*

## IV. **CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that this Honorable Court enter an Order abating litigation and compelling Appraisal. Upon conclusion of Appraisal and entry of an Appraisal Award, either party may then move to lift the abatement, so that any remaining issues can be resolved, and the case concluded.

*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via Electronic Mail to: **Melissa M. Burghardt, Esquire** (mburghardt@clausen.com, kbaker@clausen.com, rgomez@clausen.com, tweede@clausen.com), counsel for Defendant (Lexington Insurance Company) on this 26th day of September, 2022.

By: /s/ Matthew K. Mullinax
*Makris & Mullinax, P.A.*
Matthew K. Mullinax, Esquire
FBN: 0086181
matt@makrismullinax.com
Dean Makris, Esquire
FBN: 111630
dean@makrismullinax.com
Barbara M. Hernando, Esquire
FBN: 0091469
barbara@makrismullinax.com
908 W. Horatio Street
Tampa, FL 33606
Telephone: 813-485-7700
Attorneys for Plaintiffs