# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JENNA PEDERSEN and BRETT
PEDERSEN,

      Plaintiffs,                    CASE NO.: 8:22-cv-01505-TPB-SPF

v.

LEXINGTON INSURANCE COMPANY,

      Defendant.

_____/

## DEFENDANT, LEXINGTON INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant, LEXINGTON INSURANCE COMPANY (hereinafter "Defendant" or "Lexington"), by and through its undersigned counsel, hereby files its Answer and Defenses in response to Plaintiffs' Complaint originally filed in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 22-CA-004178 and thereafter removed to, and now pending before, the United States District Court for the Middle District of Florida, Tampa Division. Lexington states as follows:

## JURISDICTION AND VENUE

1.      Admitted for jurisdictional purposes only. Otherwise, denied.

2.      Lexington lacks sufficient information to form an opinion as to the truth or falsity of the allegations of paragraph 2 of the Complaint.

3.     For Lexington admits that it is authorized by the Florida Office of Insurance Regulation to issue surplus lines of insurance in the State of Florida. Lexington denies the remaining allegations of paragraph 3.

4.     Lexington admits that jurisdiction and venue are proper in the United States District Court for the Middle District of Florida, Tampa Division. Otherwise, denied.

## GENERAL ALLEGATIONS

5.     Lexington admits only that it issued Policy Number 12076923-04 to Jenna Pedersen and Brett Pedersen ("Plaintiffs") for the policy period of July 13, 2020 through July 13, 2021 (the "Policy"), which insured the property located at 18412 Keystone Manor Road, Odessa, Florida 33556-4836 (the "Property"). The Policy is a written document which speaks for itself and is subject to all the terms, conditions, exclusions, and limitations. Lexington is without knowledge as to whether Plaintiffs are in possession of the Policy and whether Plaintiffs will file a certified copy of the Policy upon receipt of same. Otherwise, denied.

6.     Lexington admits that premiums are not at issue. Lexington further admits that the Policy was in effect from July 13, 2020 through July 13, 2021. Otherwise, denied.

7.     Lexington admits that the Property sustained limited, covered damage on or about July 31, 2020 for which the Policy provides coverage, subject

to its terms, conditions, exclusions, and limitations. Lexington further admits that it has paid all amounts due and owing pursuant to the Policy. Otherwise, denied.

8. Lexington admits that the Property sustained limited, covered damage on or about July 31, 2020 for which the Policy provides coverage, subject to its terms, conditions, exclusions, and limitations. Otherwise, denied.

9. Lexington admits only that the Property sustained limited, covered damage for which the Policy provides coverage, subject to its terms, conditions, exclusions, and limitations. Otherwise, denied.

10. Lexington admits that the Plaintiff reported the subject loss to Lexington on or about July 12, 2021, 347 days after the reported date of loss of July 31, 2020. Otherwise, denied.

11. Lexington admits that coverage was opened for the covered damage and asserts that it has paid all amounts due and owing pursuant to the Policy. Lexington denies that it "accepted coverage for the loss" on the grounds that said phrase is impermissibly vague and overly broad. Lexington denies all remaining allegations set forth in paragraph 11.

12. Lexington admits only that Plaintiffs' representative prematurely invoked Plaintiffs' right to appraisal on March 1, 2022. Lexington denies all remaining allegations set forth in paragraph 12.

13. Lexington denies all allegations set forth in paragraph 13.

14.     Florida Statutes §§ 627.428 and 626.9373 speak for themselves. Florida Statute § 627.428 does not apply as Lexington is a surplus lines insurer subject to the Surplus Lines Law. Lexington denies all remaining allegations set forth in paragraph 14.

## COUNT I – BREACH OF CONTRACT

15.     Lexington hereby reasserts and incorporates its responses to paragraphs 1 through 14 above as though fully set forth herein.

16.     Lexington admits that it issued the Policy to the Plaintiffs. The Policy is a written document which speaks for itself and is subject to all the terms, conditions, exclusions, and limitations. Otherwise, denied.

17.     Lexington admits only that the Property sustained limited, covered damage for which the Policy provides coverage, subject to its terms, conditions, exclusions, and limitations. Otherwise, denied.

18.     Lexington admits only that Plaintiffs' representative prematurely invoked appraisal. The Policy is a written document which speaks for itself and is subject to all the terms, conditions, exclusions, and limitations. Otherwise, denied.

19.     Lexington denies all allegations set forth in paragraph 19.

20.     Lexington denies all allegations set forth in paragraph 20.

21.     Lexington asserts that it has paid all amounts due and owing pursuant to the Policy. The Policy governs coverage for the subject loss and claim.

The Policy is a written document which speaks for itself and is subject to all the terms, conditions, exclusions, and limitations. Otherwise, denied.

22. Florida Statutes §§ 627.428 and 626.9373 speak for themselves. Florida Statute § 627.428 does not apply as Lexington is a surplus lines insurer subject to the Surplus Lines Law. Further, the Policy is a written document which speaks for itself and is subject to all the terms, conditions, exclusions, and limitations. Otherwise, denied.

23. Paragraph 23 does not contain any allegations Lexington can admit or deny.

To the extent the WHEREFORE clause requires a response, Florida Statutes §§ 627.428, 626.9373, 92.231, and 57.104 speak for themselves. Florida Statute § 627.428 does not apply as Lexington is a surplus lines insurer subject to the Surplus Lines Law. Lexington denies the remaining allegations in the WHEREFORE clause. Lexington also denies any other allegations or requests for relief not specifically addressed herein.

## COUNT II – DECLARATORY JUDGMENT

24. Lexington hereby reasserts and incorporates its responses to paragraphs 1 through 14 above as though fully set forth herein.

25. Lexington admits only that Count II of the Complaint purports to be an action for declaratory judgment. Otherwise, denied.

26.     Lexington denies all allegations set forth in paragraph 26.

27.     Lexington admits only that the Property sustained limited, covered damage for which the Policy provides coverage, subject to its terms, conditions, exclusions, and limitations. Lexington further admits that the parties disagree as to the amount of the covered damage and asserts that the parties also disagree as to the scope of the covered damage. Otherwise, denied.

28.     Lexington denies all allegations set forth in paragraph 28.

29.     Lexington denies all allegations set forth in paragraph 29.

30.     Lexington denies all allegations set forth in paragraph 30.

31.     Lexington denies all allegations set forth in paragraph 31.

32.     Lexington denies all allegations set forth in paragraph 32.

33.     Lexington denies all allegations set forth in paragraph 33.

34.     Lexington denies all allegations set forth in paragraph 34.

35.     Florida Statute § 627.428 speaks for itself. Florida Statute § 627.428 does not apply as Lexington is a surplus lines insurer subject to the Surplus Lines Law. Lexington denies all allegations set forth in paragraph 35.

To the extent the WHEREFORE clause requires a response, Florida Statutes §§ 627.428 and 626.9373 speak for themselves. Florida Statute § 627.428 does not apply as Lexington is a surplus lines insurer subject to the Surplus Lines Law. Lexington denies the remaining allegations in the WHEREFORE clause. Lexington

also denies any other allegations or requests for relief not specifically addressed herein.

## AFFIRMATIVE DEFENSES

Lexington, by and through its undersigned counsel, hereby asserts the following affirmative defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Lexington has satisfied its duties under the Policy and adjusted the loss in accordance with the Policy and Florida law. Coverage under the Policy is subject to a Windstorm or Hail Deductible of 5% or $58,560. In the event of a finding of covered damages as a result of the subject loss, those covered damages are subject to the Policy's applicable Windstorm or Hail Deductible.

## SECOND AFFIRMATIVE DEFENSE

Lexington asserts that it is entitled to a set-off for all amounts paid by any collateral sources. *Jojo's Clubhouse, Inc. v. DBR Asset Management, Inc.*, 860 So. 2d 503, 504 (Fla. 4th DCA 2003); *Felgenhauer v. Bonds*, 891 So. 2d 1043, 1045 (Fla. 2d DCA 2004) ("It is well settled in contract actions that set-off is an affirmative defense that must be pleaded or it is waived.").

## THIRD AFFIRMATIVE DEFENSE

Lexington asserts that Plaintiffs' claims are barred because Lexington has been prejudiced by Plaintiffs' failure to provide Lexington with prompt notice of

the subject loss as required by the Policy. The loss allegedly occurred on July 31, 2020, but was not reported until July 12, 2021, 347 days after the reported date of loss. Additionally, Lexington's investigation and adjustment of the subject loss revealed that Plaintiffs failed to mitigate their damages and take all reasonable steps to protect the Property form further damage. The Policy provides in pertinent part as follows:

**HOMEOWNERS 3 – SPECIAL FORM (HO 00 03 10 00)**

**SECTION I – CONDITIONS**

***

**B. Duties After Loss**

In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:

**1.** Give prompt notice to us or our agent;

***

**4.** Protect the property from further damage. If repairs to the property are required, you must:
a. Make reasonable and necessary repairs to protect the property; and
b. Keep an accurate record of repair expenses;

***

The Policy provides that no suit may be brought against Lexington unless Plaintiffs have fully complied with the Policy's Duties After Loss provision, which states as follows:

**SECTION I - CONDITIONS**

***

> **G. Suit Against Us**
> No action can be brought against us unless there has
> been full compliance with all of the terms under Section
> **I** of this policy and the action is started within two years
> after the date of loss.

Therefore, Plaintiffs are precluded from recovery as a matter of law due to their breach of the Policy's Duties After Loss and Suit Against Us provisions.

## FOURTH AFFIRMATIVE DEFENSE

Lexington asserts that the claimed damages are barred pursuant to the Policy because Lexington's investigation and adjustment determined that the claimed damages, at least in part, occurred *before* the Policy's effective dates of coverage and include claims and/or damages which may be covered by prior policies. The Policy provides in pertinent part as follows:

> **HOMEOWNERS 3 – SPECIAL FORM**
> **(HO 00 03 10 00)**
> ***
> **SECTION I – CONDITIONS**
> **(as amended by LEX 00 220 06 18)**
> ***
> **P. Policy Period**
> This policy applies only to loss or costs which occur during the
> policy period.

## FIFTH AFFIRMATIVE DEFENSE

Lexington asserts that some of the claimed damages are barred, in whole or in part, because Lexington's investigation and adjustment determined that the claimed damages were caused, at least in part, by wear and tear, deterioration,

mechanical breakdown, corrosion, and/or expansion and contraction of materials, which are not covered under the Policy. The Policy provides in pertinent part as follows:

> **HOMEOWNERS 3 – SPECIAL FORM**
> **(HO 00 03 10 00)**
> \*\*\*
>
> **SECTION I – PERILS INSURED AGAINST**
>
> **A. Coverage A–Dwelling And Coverage B–Other Structures**
>
> > \*\*\*
>
> > 2. We do not insure however for loss:
>
> > > \*\*\*
>
> > > c. Caused by:
> > > …
> > > > (6) Any of the following:
> > > > > (a) Wear and tear, marring, deterioration;
> > > > > (b) Mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;
> > > > > (c) Smog, rust or other corrosion, or dry rot;
> > > > > \*\*\*
> > > > > (f) Settling, shrinking, bulging or expansion, including resultant cracking, of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings;
> > > > > > \*\*\*

## SIXTH AFFIRMATIVE DEFENSE

Lexington asserts that some of the claimed damages are excluded from coverage under the terms of the Policy because Lexington's investigation and adjustment determined that some of the claimed damages were the result of a

cause of loss which is excluded by the Policy. The claimed damages were caused, at least in part, by faulty, inadequate, or defective workmanship, repair, construction, or materials used thereto, and/or maintenance and these causes of loss are excluded from coverage under the terms of the Policy. The Policy provides in pertinent part as follows:

**HOMEOWNERS 3 – SPECIAL FORM**
**(HO 00 03 10 00)**

\*\*\*

**SECTION I – EXCLUSIONS**

\*\*\*

**B.** We do not insure for loss to property described in Coverages **A** and **B** caused by any of the following. However, any ensuing loss to property described in Coverages **A** and **B** not precluded by any other provision in this policy is covered

\*\*\*

3. Faulty, inadequate or defective:

> \*\*\*

> b. Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

> c. Materials used in repair, construction, renovation or remodeling; or

> d. Maintenance;

> of part or all of any property whether on or off the "residence premises".

> > \*\*\*

## <u>SEVENTH AFFIRMATIVE DEFENSE</u>

Lexington asserts that some the claimed damages are excluded from coverage under the terms of the Policy because Lexington's investigation and adjustment determined that the claimed damages, at least in part, were pre-existing which is excluded by the Policy. The claimed damages which existed prior to policy inception are excluded from coverage under the terms of the Policy. The Policy provides in pertinent part as follows:

**LEX 00 202 06 18**
### EXISTING DAMAGE EXCLUSION

This endorsement modifies insurance provided by the policy.

The following exclusion is added to **Paragraph A.** under **SECTION I - EXCLUSIONS** of the **HOMEOWNERS 3 - SPECIAL FORM** and **HOMEOWNERS 5 - COMPREHENSIVE FORM** policies:

**10. Existing Damage**

Existing Damage means the following:
a.  Any damages which occurred prior to policy inception regardless of whether such damages were apparent at the time of the inception of this policy or discovered at a later date;
b.  Any claims and/or damages caused by, arising out of, or resulting directly or indirectly, in whole or in part, from workmanship, repairs and/or lack of repairs relating to or arising from damage which occurred prior to policy inception; or
c. Any claims and/or damages unless all structures covered by your previous policy have been fully and completely repaired. Prior to such completion of repairs, coverage will be limited to the actual cash value of the property at the time of a covered loss occurring during this

policy period.

***

### EIGHTH AFFIRMATIVE DEFENSE

Lexington asserts that Plaintiffs' request to invoke appraisal was premature, as Lexington had not completed its investigation and adjustment of the supplemental claim. *See Am. Coastal Ins. Co. v. Ironwood, Inc.*, 330 So. 3d 570, 573 (Fla. 2d DCA 2021). Therefore, this lawsuit should be dismissed.

### NINTH AFFIRMATIVE DEFENSE

Lexington asserts that Count II of Plaintiffs' Complaint fails to state a claim in that it fails to allege ultimate facts showing that there is a bona fide, adverse interest between the parties concerning a power, privilege, immunity, or right of the Plaintiffs, the Plaintiffs' doubt about the existence or nonexistence of their privileges or rights, and that they are entitled to have the doubt removed. *108 Ariola, LLC v. Jones*, 71 So. 3d 892, 898 (Fla. 1st DCA 2011). Further, Count II is duplicative of Count I as both counts are based on the same underlying allegations and will both be determined based on the same facts and the same policy language. Therefore, Count II should be dismissed.

### TENTH AFFIRMATIVE DEFENSE

Lexington asserts that payment for any recovery for a covered loss is subject to the Policy's Loss Settlement provision. The Policy does not require Lexington to

pay replacement cost value for damages unless and until the damaged property is actually repaired or replaced. The Plaintiffs' claim for the replacement cost for damage not actually repaired or replaced prior to initiating this litigation are barred. The Policy states in pertinent part as follows:

**SECTION I – CONDITIONS**

**C. Loss Settlement**

[] Covered property losses are settled as follows:
…

**2.** Buildings covered under Coverage A or B at replacement cost without deduction for depreciation, subject to the following:

**\*\*\***

**d.** We will pay no more than the actual cash value of the damage until actual repair or replacement is complete. Once actual repair or replacement is complete, we will settle the loss as noted in **2a.** and **b.** above.

**\*\*\***

**ELEVENTH AFFIRMATIVE DEFENSE**

Lexington pleads all other terms, conditions, limitations, definitions, and exclusions contained within the Policy as if set forth herein in their entirety. Plaintiffs' damages, if any, are barred and/or limited by the policy limits set forth in the Policy, in addition to all other limitations, provisions, and any other terms, exclusions, and conditions of the applicable Policy that specifically limit, bar, or otherwise restrict Plaintiffs' recovery under the Policy. Further, Lexington's

liability, if any, is dependent upon the Policy that, as a written contract, is the best evidence of its terms, conditions, limitations, and exclusions.

## RESERVATION OF RIGHTS

The Lexington reserves the right to amend its defenses at a later date. Additionally, Plaintiff has filed a Motion to Compel Appraisal of the insurance dispute which forms the basis for the instant litigation. Lexington asserts that underlying coverage issues exist, which are judicial questions solely within the providence of the Court, while amount of loss issues are questions for appraisers. *Am. Capital Assurance Corp. v. Leeward Bay at Tarpon Bay Condo. Ass'n*., 306 So. 3d 1238, 1242 (Fla. 2d DCA 2020). Should this matter proceed to appraisal before the coverage issues are resolved, Lexington specifically reserves all rights under the Policy and Florida law to contest coverage as a matter of law.

## DEMAND FOR JURY TRIAL

Lexington, by and through its undersigned counsel, hereby demands trial by jury on all issues so triable as a matter of right and law.

**WHEREFORE**, Lexington requests that this Court enter judgment in its favor and award Lexington its taxable costs, and such other and further relief to which Lexington may be entitled.

Dated: October 3, 2022.

Respectfully submitted,

**CLAUSEN MILLER P.C.**

By: */s/ Melissa M. Burghardt*
MELISSA BURGHARDT, ESQ., FBN: 0084917
KEIERICA A. BAKER ESQ., FBN: 1002676
4830 West Kennedy Blvd., Suite 600
Tampa, Florida 33609
Phone: (813) 519-1018
mburghardt@clausen.com
kbaker@clausen.com
rgomez@clausen.com
tweede@clausen.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of the Court via CM/ECF on this 3rd day of October, 2022. I also certify that the foregoing document is being served this day on all counsel of record:

Matthew K. Mullinax, Esq.
Makris & Mullinax, P.A.
matt@makrismullinax.com
dean@makrismullinax.com

**CLAUSEN MILLER P.C.**

By: */s/ Melissa M. Burghardt*
MELISSA M. BURGHARDT, ESQ.,
FBN: 0084917