**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JENNA PEDERSEN and BRETT
PEDERSEN,

    Plaintiffs,                              CASE NO.: 8:22-cv-01505-TPB-SPF

v.

LEXINGTON INSURANCE COMPANY,

    Defendant.
_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ABATE LITIGATION AND COMPEL APPRAISAL AND INCORPORATED MEMORANDUM OF LAW

Defendant, LEXINGTON INSURANCE COMPANY (hereinafter "Lexington"), by and through its undersigned counsel, hereby files its Response in Opposition to Plaintiffs' Motion to Abate Litigation and Compel Appraisal and Incorporated Memorandum of Law and states as follows:

## INTRODUCTION

This is a first party property insurance dispute between the Plaintiffs, Jenna Pedersen and Brett Pedersen, and Lexington relating to damage to the insured property occurring on July 31, 2020. Lexington issued an insurance policy for the insured property which was in effect on the reported date of loss. Lexington agreed that the policy afforded certain, limited coverage for the loss and issued an undisputed payment for the covered damage as originally reported on July 12, 2021, and as fully

investigated and adjusted by Lexington. After Lexington completed its investigation and adjustment of the initial claim and issued the undisputed payment for the initial claim,[1] Plaintiffs submitted a supplemental claim for new damage and requested appraisal. Lexington asserted that appraisal was premature and was in the process of investigating and adjusting Plaintiffs' supplemental claim at the time this suit was filed.

Plaintiffs now seek to force the subject claim and supplemental claim into appraisal, even though the supplemental claim is not ripe for appraisal until there is a finding of coverage for the supplemental claim, either by Lexington or via a judicial determination. The Complaint and Plaintiffs' Motion to Abate Litigation and Compel Appraisal both attempt to roll Plaintiffs' initial claim, reported on July 12, 2021, into its subsequent, supplemental claim, which was made only after payment was issued for the initial claim and a coverage determination had been issued. Therefore, appraisal of the supplemental claim is premature.

As a preliminary procedural matter, Plaintiffs' Motion also improperly attempts to seek a final adjudication on the merits of the Complaint, i.e., whether Lexington should be compelled to appraisal. *See* Complaint ¶ 19, 28, 29 (Doc. 1-1). Therefore, the Motion is improper and should be denied.

---

[1] As well as after the expiration of a Civil Remedy Notice filed by the Plaintiffs.

# BACKGROUND

1. Lexington issued a policy of insurance bearing policy number 12076923-04 (the "Policy"), to Jenna Pedersen and Brett Pedersen ("Plaintiffs"), which insured the property located at 18412 Keystone Manor Road, Odessa, Florida 33556 (the "Property") during the policy term of July 13, 2020 through July 13, 2021.

2. The Policy contains an appraisal provision which states as follows:

> **SECTION I – CONDITIONS**
>
> **E. Appraisal**
>
> **If you and we fail to agree on the amount of loss**, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.
>
> Each party will:
>
> 1. Pay its own appraiser; and
>
> 2. Bear the other expenses of the appraisal and umpire equally.

(Emphasis added.) *See* Doc. 15-1 at pg. 26.

3. On July 21, 2021, Plaintiffs first reported wind damage to the roof of the Property and ensuing interior water damage as a result of a loss occurring on July 31, 2020, nearly a year before the loss was reported ("Initial Claim" or "Loss"). As reported, the Initial Claim did not assert a claim for damage caused to the HVAC system.

4. Lexington completed its investigation and adjustment of the Initial Claim, opened coverage for replacement of the tile roof and the covered ensuing interior water damage, and issued an undisputed payment for the covered damage, accounting for the applicable deductible and depreciation.

5. On March 1, 2022, Plaintiff, via their public adjuster, notified Lexington that they sought to invoke appraisal pursuant to the Policy. *See* Complaint at ¶ 12 (Doc. 1-1, pg. 3).

6. After Lexington issued the coverage determination and payment for the Initial Claim, and after Plaintiff requested appraisal, on March 9, 2022, Plaintiffs, via their public adjuster, confirmed Plaintiffs were reporting a "supplemental claim" for damage to the HVAC system as a result of the Loss ("Supplemental Claim").[2] *See* Doc. 16-1, pg. 3.

7. Plaintiffs had not previously reported damage to the HVAC system caused by or resulting from the Initial Claim.

8. On March 22, 2022, Lexington acknowledged receipt of Plaintiffs' request to invoke appraisal, advised that the request for appraisal was premature until Lexington had the opportunity to investigate and adjust the Supplemental Claim, and requested to inspect the new damage. Lexington also advised that "[a]n additional

---

[2] In their Response to Lexington's Motion to Dismiss (Doc. 17), Plaintiffs assert Lexington failed to make a coverage determination within 90 days as required by Fla. Stat. § 627.70131(7)(a). However, based on the date Plaintiffs confirmed reporting of the Supplemental Claim, the allotted 90 days expired on June 7, 2022. Plaintiff filed this lawsuit on May 19, 2022 – before the expiration of the 90 days.

letter is forthcoming which will include, but not be limited to, a list of requested documents." *See* Doc. 16-1, pg. 5.

9. On May 19, 2022, while Lexington was adjusting and investigating the Supplemental Claim, Plaintiff filed the instant lawsuit, asserting Lexington breached the Policy by "failing to participate in appraisal" and sought declaratory relief, including a request that Lexington "must name an appraiser and participate in appraisal." *See* Complaint at ¶¶ 19 and Wherefore clause on pg. 5 (Doc. 1-1).

10. Pursuant to the appraisal provision and Florida law, Plaintiffs' request for appraisal of the Supplemental Claim is premature pending a finding of coverage for the Supplemental Claim, and possibly entirely moot, if there is no coverage under the Policy for the Supplemental Claim. *See Am. Coastal Ins. Co. v. Ironwood, Inc.*, 330 So. 3d 570 (Fla. 2d DCA 2021) (finding appraisal of a supplemental claim was premature until carrier had a "reasonable opportunity to investigate and adjust the [supplemental] claim." (internal quotes omitted)); *Heritage Prop. & Cas. Ins. Co. v. Veranda I at Heritage Links Ass'n*, 334 So. 3d 373 (Fla. 2d DCA 2022) (finding appraisal of a supplemental claim was precluded where carrier fully denied coverage for the supplemental claim); *see also Heritage Prop. & Cas. Ins. Co. v. Fairway Oaks, Inc.*, 2022 Fla. App. LEXIS 2898, 47 Fla. L. Weekly D 938 (Fla. 2d DCA 2022).

11. An underlying coverage issue exists, which is a judicial question solely within the province of the Court. *Am. Capital Assurance Corp. v. Leeward Bay at Tarpon Bay Condo. Ass'n.*, 306 So. 3d 1238, 1242 (Fla. 2d DCA 2020).

12. Therefore, Plaintiffs' Motion to Abate Litigation and Compel Appraisal should be denied.

## MEMORANDUM OF LAW

### I. Appraisal of the Supplemental Claim is Premature Pending a Finding of Coverage for the Supplemental Claim.

As discuss ad nauseam in Lexington's Motion to Dismiss,[3] Lexington contends that appraisal of the Supplemental Claim is premature as Lexington has yet to complete its investigation and adjustment of the Supplemental Claims – meaning there has yet to be a finding of coverage for the Supplemental Claim. Until the Supplemental Claim is deemed to be covered by the Policy or the Court makes a determination that the Supplemental Claim is covered by the Policy, the Supplemental Claim is not ripe for appraisal. The parties do not disagree that Lexington has yet to make a coverage determination for Plaintiffs' claim for damage to the HVAC unit(s), i.e., the Supplemental Claim. However, the parties disagree as to whether the claim for damage to the HVAC unit(s) is a "supplemental claim," such that appraisal is premature. *See Am. Coastal Ins. Co. v. Ironwood, Inc.*, 330 So. 3d 570, 573 (Fla. 2d DCA 2021) (holding the insured's additional claim for damage to windows and doors after the resolution of the initial roof claim was a supplemental claim, which was not ripe for appraisal until a coverage determination was made); *see also Heritage Prop. & Cas. Ins. Co. v. Veranda I at Heritage Links Ass'n*, 334 So. 3d 373, 376-377 (Fla. 2d DCA 2022)

---

[3] *See* Doc. 16, filed on July 15, 2022.

(holding appraisal of a supplemental claim is improper where the carrier fully denied coverage for the insured's supplemental claim, which was submitted after the carrier issued coverage for the original claim).

"[A] claim is not yet ripe for appraisal until a coverage determination has been made." *Am. Coastal Ins. Co. v. Ironwood, Inc.*, 330 So. 3d 570, 573 (Fla. 2d DCA 2021). In *Am. Coastal Ins. Co. v. Ironwood, Inc.*, the Second District Court of Appeal reviewed a trial court order staying litigation and compelling appraisal. *Id*. In *Ironwood*, the insured initially reported a claim for roof damage stemming from Hurricane Irma and the carrier issued several undisputed payments for the initial roof claim. *Id*. at 571. After the payments were issued for the initial roof claim, the insured reported an "additional claim for damage to doors and windows caused by the same hurricane." *Id*. at 571. The insured invoked appraisal before the carrier made a coverage determination on the windows and doors claim. *Id*. The Court determined that the additional claim for damage to doors and windows was a supplement claim.[4] *Id*. at 573. In its ruling, the Court stated the following:

> [The carrier] has already made its coverage determination regarding the roof damage. If the windows and doors damage is part of the roof claim, then appraisal might be appropriate. But if it is a supplemental claim for which a separate coverage determination must be made, appraisal is premature until "the insurer has a reasonable opportunity to investigate and adjust the claim." *Citizens Prop. Ins. Corp. v. Galeria Villas Condo. Ass'n, Inc.*, 48 So. 3d 188, 191 (Fla. 3d DCA 2010).

---

[4] The applicable policy in Ironwood defined supplemental claim as "any additional claim for recovery from [the carrier] for losses from the same hurricane or windstorm from which [the carrier] [has] previously adjusted pursuant to the initial claim." *Id*. at 573.

*Id*. at 573.

The Policy does not specifically define "supplemental claim." However, Black's Law Dictionary defines "supplemental claim" as "[a] claim for further relief based on events occurring after the original claim was made." *Black's Law Dictionary* 312 (Bryan A Garner ed., 11th ed., Thompson Reuters 2019). Further, in the context of a windstorm or hurricane claim, the Florida Statutes define "supplemental claim" as "any additional claim for recovery from the insurer for losses from the same hurricane or windstorm which the insurer has previously adjusted pursuant to the initial claim." Fla. Stat. § 627.70132 (2011).[5] Lexington is a surplus lines carrier and though Fla. Stat. § 627.70132 does not facially apply to surplus lines carriers, Lexington believes that the Court should consider § 627.70132 as persuasive authority when making a determination as to whether Plaintiffs' Supplemental Claim meets the requirements for a supplemental claim, such that appraisal is premature pending a finding that the Supplemental Claim is covered under the Policy.

As discussed above, the Initial Claim was first reported to Lexington on July 21, 2021, nearly one year after the reported date of loss of July 31, 2020. Lexington completed its investigation and adjustment of the Initial Claim and issued a coverage determination with an undisputed payment for the covered damage. Two months later Plaintiffs <u>confirmed</u> they were reporting a "supplemental claim," alleging new damage

---

[5] The Policy was in effect from July 13, 2020 through July 13, 2021. This is the version of Fla. Stat. § 627.70132 which was in effect during this period.

8

to the HVAC system as a result of the Loss. *See* Doc. 16-1, pg. 3. Therefore, the Supplemental Claim is a "supplemental claim" as defined by Black's Law Dictionary and Fla. Stat. § 627.70132 (2011) and is not ripe for appraisal unless and until there is a finding of coverage under the Policy for the Supplemental Claim that is separate and apart from the coverage determination for the Initial Claim.

As such, appraisal of the Supplemental Claim is premature and Plaintiffs' Motion to Abate Litigation and Compel Appraisal should be denied.

## II. Alternatively, if the Supplemental Claim is Not Covered Under the Policy, Appraisal of the Supplemental Claim is precluded

Alternatively, should Lexington or the Court ultimately determine that the Supplemental Claim is not covered or otherwise excluded by the Policy, the Supplemental Claim <u>cannot</u> be submitted to appraisal under Florida law. Florida's Second District Court of Appeal has specifically held that appraisal of a supplemental claim is inappropriate where the insurer wholly denied coverage for the supplemental claim. *Heritage Prop. & Cas. Ins. Co. v. Veranda I at Heritage Links Ass'n*, 334 So. 3d 373 (Fla. 2d DCA 2022), *see also Heritage Prop. & Cas. Ins. Co. v. Fairway Oaks, Inc.*, 341 So. 3d 1164 (Fla. 2d DCA 2022).

It is well-established in Florida that appraisal *is* appropriate when an insurer admits there is a *covered* loss but there is a disagreement regarding the amount of the loss. *Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021 (Fla. 2022), *citing Gonzalez v. State Farm Fire & Cas. Co.*, 805 So. 2d 814, 816-817 (3d DCA 2000). "Whether the claim is covered by the policy is a judicial question, not a question for the appraisers."

*Id., see also State Farm Fire & Cas. Co. v. Licea*, 685 So. 2d 1285 (Fla. 1996). Therefore, appraisers are tasked with determining the amount of loss caused by a covered peril and should specifically "exclude payment for a cause not covered such as normal wear and tear, dry rot, or various other designated, excluded causes." *Id.* (internal quotes omitted), *see also People's Trust Ins. Co. v. Garcia*, 263 So. 3d 231 (Fla. 3d DCA 2019) ("... Because the insurer has not wholly denied that there is a covered loss, causation is 'an amount-of-loss question for the appraisal panel,' not a coverage question that can only be decided by the trial court.").

Lexington acknowledges that there is a current divide amongst the Florida District Courts of Appeal regarding the order in which the trial court should resolve appraisal and coverage issues. The Second District Court of Appeal recently certified this conflict and the Florida Supreme Court subsequently accepted jurisdiction of the case. *See Weston Ins. Co. v. Riverside Club Condo. Ass'n*, 2021 Fla. App. LEXIS 3768 (Fla. 2d DCA 2021), *see also Weston Ins. Co. v. Riverside Club Condo. Ass'n,* 2021 Fla. LEXIS 1842 (Fla. 2021). However, these cases apply in instances where coverage, at least in part, has been opened for a loss. Here, there has been no finding of coverage for the Supplemental Claim – thus appraisal is premature.

Florida courts have routinely held that a supplemental claim is separate and apart from an initial claim, "for which a separate coverage determination must be made." *Am. Coastal Ins. Co. v. Ironwood, Inc.*, 330 So. 3d at 573; see also *Heritage Prop. & Cas. Ins. Co. v. Veranda I at Heritage Links Ass'n*, 334 So. 3d 373 (Fla. 2d DCA 2022),

10

and *Heritage Prop. & Cas. Ins. Co. v. Fairway Oaks, Inc.*, 341 So. 3d 1164 (Fla. 2d DCA 2022).

For these reasons, the Court should deny Plaintiffs' Motion to Abate Litigation and Compel Appraisal as to the Supplemental Claim.

### III. PLAINTIFFS' MOTION IMPROPERLY SEEKS A FINAL ADJUDICATION ON THE MERITS OF THE COMPLAINT

Plaintiffs' Motion to Abate Litigation and Compel Appraisal ultimately requests a final adjudication on the merits of the Complaint. Count I of the Complaint, the breach of contract action, alleges Lexington "breached the Policy by failing to participate in appraisal of the loss and by failing to pay Plaintiffs the benefits due and owing under the Policy. *See* Complaint at ¶ 19 (Doc. 1-1). Count II of the Complaint, the declaratory judgment action, alleges Lexington "denied that Plaintiffs have the right to demand appraisal and/or refused to submit to appraisal as required by the Policy" and seeks a "determination as to whether [Plaintiffs] have the right under the Policy to demand appraisal." *See* Complaint at ¶¶ 28-29 (Doc. 1-1). In the wherefore clause of Count II, Plaintiffs see a declaratory judgment which, among other things, requires that Lexington "name an appraiser and participate in appraisal." *See* Complaint at Wherefore Clause (Doc. 1-1, pg. 5).

In truth, Plaintiffs' Motion to Abate Litigation and Compel Appraisal is merely masquerading as a motion for final summary judgment or a motion for judgment on the pleadings. In Plaintiffs' Motion, just as in their Complaint, Plaintiffs request that the parties be compelled to appraisal – the relief requested in Plaintiffs' Motion is

11

precisely the relief requested in the Complaint. The issues raised in Plaintiffs' Motion are duplicative of the issues that will be addressed through the litigation of Plaintiffs' breach of contract and declaratory judgment claims. Further, Plaintiffs' Motion to Abate Litigation and Compel Appraisal fails to allege any relief that cannot be obtained through the resolution of Plaintiffs breach of contract or declaratory judgment claims. Accordingly, the Motion to Abate Litigation and Compel Appraisal should be denied.

## CONCLUSION

Pending a finding of coverage for the Supplemental Claim, appraisal of the Supplemental Claim is premature. The question of coverage is undisputedly reserved for judicial determination. Application of Florida law to the underlying facts demands that the Plaintiffs' Motion to Compel Appraisal be denied. Therefore, Lexington respectfully requests this Court deny Plaintiffs' Motion to Abate Litigation and Compel Appraisal.

Alternatively, should the Court determine that the Initial Claim, including the Supplemental Claim, is ripe for appraisal and grant Plaintiffs' Moton to Abate Litigation and Compel Appraisal, Lexington specifically reserves all rights under the Policy and Florida Law, including its right to contest coverage after the appraisal award is issued. *Am. Capital Assurance Corp. v. Leeward Bay at Tarpon Bay Condo. Ass'n*, 306 So. 3d 1238, 1242 (Fla. 2d DCA 2020), *see also State Farm Fire and Cas. Co. v. Licea*, 685 So. 2d 1285, 1287 (Fla. 1996) (recognizing that an insurer may participate in the appraisal process, while at the same time not waiving any coverage defenses it may

have), *Liberty Am. Ins. Co. v. Kennedy*, 890 So. 2d 539 (Fla. 2d DCA 2005) (the submission of the claim to appraisal did not foreclose the insurer from challenging an element of loss as not being covered by the policy).

WHEREFORE, the Defendant, LEXINGTON INSURANCE COMPANY, request that this court enter an order denying Plaintiffs' Motion to Abate Litigation and Compel Appraisal and grant any other relief this Court deems just and proper.

Dated: October 11, 2022.

Respectfully submitted,

**CLAUSEN MILLER P.C.**

By: */s/ Melissa M. Burghardt*
MELISSA BURGHARDT, ESQ., FBN: 0084917
KEIERICA A. BAKER ESQ., FBN: 1002676
4830 West Kennedy Blvd., Suite 600
Tampa, Florida 33609
Phone: (813) 519-1018
mburghardt@clausen.com
kbaker@clausen.com
rgomez@clausen.com
tweede@clausen.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of the Court via CM/ECF on this 11th day of October, 2022. I also certify that the foregoing document is being served this day on all counsel of record:

Matthew K. Mullinax, Esq.
Makris & Mullinax, P.A.
matt@makrismullinax.com
dean@makrismullinax.com

**CLAUSEN MILLER P.C.**

By: _/s/ Melissa M. Burghardt_
MELISSA M. BURGHARDT, ESQ.,
FBN: 0084917